UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CIV-61779-COHN/SELTZER

KYLE SCHLINSKY,
an individual,

    Plaintiff,

vs.

ACTION VIDEO PRODUCTIONS, INC.,
a Florida corporation, and
BRETT ROBINS, individually,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss the Complaint [DE 14] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss [DE 15] ("Response"), Defendants' Reply Brief in Support of Motion to Dismiss [DE 16] ("Reply"), and is otherwise fully advised in the premises.

### I. BACKGROUND[1]

Plaintiff was an employee of Defendants Action Video Productions, Inc. ("Action Video") and Brett Robins (collectively "Defendants") between November 2006 and July 2009.[2] Plaintiff's primary job duties at Action Video involved video production work. He

---

[1] For purposes of the Motion to Dismiss only, the Court takes as true the allegations in the Complaint.

[2] The Complaint alleges that Defendant Brett Robins "owned, managed, and/or operated [Action Video] and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of

regularly worked in excess of forty hours per week, but Defendants did not pay Plaintiff time and one-half wages for all of the overtime hours Plaintiff worked on their behalf.

During the time Plaintiff worked for Defendants, Action Video had annual gross sales volume in excess of $500,000 per year and had two or more employees who "have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce." DE 1 ¶ 7 ("Complaint"). Additionally, Action Video was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA. Defendants, however, failed to maintain records of the start times, stop times, actual hours worked each day, and total hours worked each week by Plaintiff.

Consequently, on November 9, 2009, Plaintiff filed his Complaint. The Complaint asserts a claim for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"). Defendants have since filed their Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, Defendants argue that Plaintiff fails to allege facts sufficient to establish the elements of an FLSA claim.

## II. DISCUSSION

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot

---

employees, and control the finances and operations of [Action Video]."  Complaint ¶ 9. Brett Robins, therefore, was Plaintiff's "employer" for FLSA purposes. See 29 U.S.C. § 203(d).

support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 556.

Moreover, "[u]nlike the complex antitrust scheme at issue in Twombly that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."  Sec. of Labor v. Labbe, 319 Fed. App'x 761, 763 (11th Cir. 2008).  "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."  Id. (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

## B. Plaintiff's Complaint States a Claim

Defendants contend that Plaintiff has failed to state a claim on which relief can be granted, under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), because Plaintiff has failed to allege that he is a covered employee for FLSA purposes.

Specifically, Defendants argue that "Plaintiff fails to sufficiently allege facts necessary to establish" that Plaintiff "was engaged in commerce or production of goods for commerce, or was employed by an enterprise engaged in commerce or in the production of goods for commerce."  Motion to Dismiss at 3-5.

Here, as noted above, Plaintiff alleged that Defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce."  Complaint ¶ 7.  Plaintiff also alleged that Action Video "was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA."  Id. ¶ 8.  Although these allegations are not detailed, the Court finds they constitute facts that state Plaintiff is a covered employee within the FLSA.  Accordingly, Plaintiff's Complaint states a claim for overtime compensation under the FLSA.  Labbe, 319 Fed. App'x at 763.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the Complaint [DE 14] is **DENIED**.  Defendants shall file an answer to the Complaint no later than February 2, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of January, 2010.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.